UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTRAL IP ENTERPRISE LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>APERO TECHNOLOGIES GROUP,<br><br>    Defendant. | Case No. 23-cv-02853-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 12 |

Astral IP Enterprise Ltd. filed this copyright infringement action against Defendant Apero Technologies Group. Plaintiff seeks leave to serve Defendant via email "given the efficiency and increased reliability of service when dealing with foreign defendants that provide services online." (Dkt. No. 12 at 2.) After carefully considering Plaintiff's motion and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES WITHOUT PREJUDICE the motion for alternative service.

**BACKGROUND**

Plaintiff designed a mobile application titled "Auto Tapper: Auto Clicker," offered on the Google Play store. (Dkt. No. 1 ¶¶ 12-13.) Plaintiff owns all exclusive rights to the mobile application. (Dkt. No. 1 ¶ 16.) Defendant created its own, similar app, titled "Auto Clicker: Automatic Tapper," also offered on the Google Play store. (Dkt. No. 1 ¶ 17.) Plaintiff alleges the application directly copied "a variety of original text, user interface design, and page layout" from Plaintiff's application. (Dkt. No. 1 ¶ 18.) Alternatively, Plaintiff alleges the application was so similar to the application it constituted an infringement of its copyrighted work. (Dkt. No. 1 ¶ 19.) Plaintiff submitted a DMCA Takedown Notice through Google Play's internal system, and the mobile application was removed from the store. (Dkt. No. 1 ¶¶ 24-25.) In response to Plaintiff's

1  DMCA takedown notice, Defendant submitted a DMCA counter-notice listing its business name
2  as Apero Technologies Group and providing the following address: 2nd Floor, 2 Le Van Thiem,
3  Thanh Xuân, Ha Noi, Viet Nam, 100000 and an email address of trantiep.ktqd@gmail.com.  (Dkt.
4  No. 12-1 at ¶ 6.)

Following receipt of Defendant's counter-notice, Plaintiff filed this action.  (Dkt. No. 1 ¶¶ 26-27.)  Plaintiff seeks leave to serve Defendant through alternative email service to the email address in the DMCA counter-notice (trantiep.ktqd@gmail.com) and the email address listed in the Google Play store (admin@apero.vn).  (Dkt. No. 12-1 at ¶¶ 6, 9.)

**DISCUSSION**

Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an individual in a foreign country.  Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email[,]" so long as the method of service is not prohibited by an international agreement. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted). "However, the fact that an alternative method of service is not prohibited by international agreement does not mean that the plaintiff is entitled to use such a method under Rule 4(f)(3)." *Keck v. Alibaba.com, Inc*., 330 F.R.D. 255, 257–58 (N.D. Cal. 2018). It is within a court's "sound discretion" to determine whether "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Properties*, 284 F.3d at 1016.

To comport with due process, alternate service of process must be "reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016–17 (citation omitted). Service by email may be proper where (1) international agreement does not prohibit service by email, and (2) service by email is reasonably calculated to provide actual notice to the defendant. *See D.Light Design, Inc. v. Boxin Solar Co*., No. C–13–5988 EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015) (collecting cases).

1    The Hague Service Convention governs here because the United States and Vietnam are
2 both parties to this multilateral treaty. *See* Hague Service Convention Status Table,
3 https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Aug. 16,
4 2023). The Convention's language is mandatory "in all cases, in civil or commercial matters,
5 where there is occasion to transmit a judicial or extrajudicial document for service abroad."
6 *Volkswagenwerk v. Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (internal quotation
7 marks omitted). The Convention authorizes service in several ways, including (a) through a
8 receiving country's central authority, (b) by diplomatic and consular agents, through consular
9 channels, on judicial officers in the receiving country, or direct service by postal channels, unless
10 the receiving country objects, and (c) by additional methods of service that a signatory country
11 may designate within their borders either unilaterally or through side agreements. *Facebook, Inc.*
12 *v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, 480 F. Supp. 3d 977, 980 (2020). The
13 Convention also establishes exceptions to these channels of service, such as where the address of
14 the person to be served with the document is not known and in the "case of urgency." *Id*. at 980–
15 81 (describing exceptions).

16   While the Hague Service Convention does not bar service via email, courts generally
17 require a showing service by email is necessary; for example, because the defendant's physical
18 address is not known. *See, e.g.*, *Facebook, Inc. v. Sahinturk*, No. 20-CV-08153-JSC, 2021 WL
19 4295309, at *2 (N.D. Cal. Sept. 21, 2021) (finding "Plaintiffs have met their burden of
20 demonstrating that Mr. Sahinturk's address is 'not known' because they have repeatedly requested
21 that he provide them with his physical address and have conducted their own investigation into his
22 address—all to no avail."); *Sec. & Exch. Comm'n v. Richman*, No. 21-CV-01911-CRB, 2021 WL
23 9816612, at *4 (N.D. Cal. July 19, 2021) ("Given the SEC and Defendants' Counsel's previous
24 and ongoing email exchanges, service of process via email is appropriate"). Courts likewise
25 require a showing service via email comports with due process. *See, e.g.*, *F.T.C. v. Pecon*
26 *Software Ltd.*, No. 12 CIV. 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013)
27 ("Service by email alone comports with due process where a plaintiff demonstrates that the email
28 is likely to reach the defendant."); *Hillbroom v. Lujan*, 2010 WL 11515374, at *2 (C.D. Cal. May

3

1   3, 2010) (permitting service of foreign individual by email where individual used the subject email
2   address to communicate with counsel); *Goes Int'l, AB v. Dodur Ltd*., No. 14-CV-5666, 2015 WL
3   1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same).

4       Plaintiff has made neither showing here.  First, as to due process, Plaintiff has not offered
5   evidence it attempted to communicate with Defendant at either of the email addresses it seeks to
6   use for service.  There is therefore no evidence these addresses are reasonably calculated to
7   provide Defendant notice of this action.  *See Rio Properties, Inc*., 284 F.3d at 1017 ("the
8   Constitution does not require any particular means of service of process, only that the method
9   selected be reasonably calculated to provide notice and an opportunity to respond.")  Second, as to
10  the appropriateness of the authorized means of service, Plaintiff has not met its burden of
11  demonstrating Defendant's address is not reasonably known.  Plaintiff has not attempted to
12  contact Defendant at the physical address; instead, Plaintiff merely proffers a Google search result
13  indicating the address corresponds to a multi-story building. (Dkt. No. 12-1 at ¶ 7.)  Further,
14  Plaintiff appears to contend it need not do more because based on counsel's

> personal knowledge and professional experience … foreign online mobile application developers that provide infringing products typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party online service providers and customers. In my experience in infringement investigations, even if a purported address is provided in connection to a foreign online mobile application developer, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to foreign online mobile application developers in similar cases.

(Dkt. No. 12-1 at ¶ 10.)  Plaintiff's speculation the physical address is likely false and the email addresses are a more reliable mechanism for providing service is unpersuasive as it is unsupported by *any* evidence the physical address in this case is false and the email addresses are valid.

    In sum, Plaintiff's motion for alternative service fails to satisfy Rule 4(f) and constitutional due process.

## CONCLUSION

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE Plaintiff's

4

motion to serve Defendant by alternative means.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: August 23, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge